IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

R<small>UDOLFO</small> R<small>AMIREZ</small>,

      Plaintiff,

      vs.                           Case No. 16-2063-JTM

M<small>ORGAN</small> & A<small>SSOCIATES</small>, PC,

      Defendants.

MEMORANDUM AND ORDER

Rudolfo Ramirez has sued Morgan & Associates under the Fair Debt Collection Practices Act, alleging that defendant violated 15 U.S.C. § 1692b(6) on September 23, 2015, when it contacted him personally in an attempt to collect a debt, even though Ramirez was then represented by an attorney. Morgan has moved to dismiss the claim (Dkt. 6), arguing that the Complaint merely alleges that plaintiff notified the original creditor, Synchrony Bank, of the legal representation, and notes this court's decision in *Lynch v. Watson Nelson & Assoc.*, No. 10-2025, 2011 WL 2472588 (D. Kan. June 21, 2011), holding that a creditor's knowledge of representation will not be imputed to its agent for purposes of FDCPA liability.

The court denies the motion to dismiss. *Lynch*, relying on *Schmitt v. FMA Alliance*,

398 F.3d 995, 997 (8th Cir. 2005), did hold that actual knowledge is an element of a § 1692b(6) claim. But, as plaintiff points out in his response, the Complaint does not merely rely on imputed knowledge. It directly alleges that, after giving notice of the representation to Synchrony, that entity "transferred the file to Defendant Morgan & Associates PC for collection, including the letter from Plaintiff's counsel." (Dkt. 1, ¶ 10). *Lynch,* moreover, held that imputed knowledge is insufficient, but it resolved the action on summary judgment, after having allowed discovery on the plaintiff's claim.

Morgan argues in its reply that the matter should be dismissed "because Plaintiff's Complaint does not allege with any specificity that Defendant had actual knowledge." (Dkt. 10, at 2). This is incorrect. The Complaint alleges: "Defendant, *aware that Plaintiff was represented*, willfully disregarded the notice of representation and contacted plaintiff directly." (Dkt. 1, ¶ 11) (emphasis added). This is an allegation of actual knowledge, and sufficient to give notice to the defendant of the general nature of plaintiff's claim.

The court notes that Morgan in its reply brief also argues that its one letter to Ramirez on September 23, 2015 is legally insufficient to constitute "harassment" for purposes of 15 U.S.C. § 1692b(6). (Dkt. 10, at 2, citing *Masuda v. Thomas Richards & Co.,* 759 F.Supp. 1456 (C.D. Cal. 1991)). While Morgan's original brief did note in passing (Dkt. 7 at 4) that it had sent Ramirez "a single notification letter," it otherwise made no issue of the fact. The only grounds for relief advanced in the memorandum was the supposed reliance on imputed rather than actual knowledge.

The contention that such a single letter is legally insufficient for an FDCPA claim is thus a new argument made for the first time in the reply brief and, therefore, is not

properly before the court. *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011); *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir.2003)).[1]

IT IS ACCORDINGLY ORDERED this 16th day of May, 2016, that the defendant's Motion to Dismiss or for Definite Statement (Dkt. 6) is hereby denied.

          ___s/ J. Thomas Marten_____
          J. THOMAS MARTEN, JUDGE

---

[1] The court notes that, while *Masuda* does indeed observe that the sending of form letters can be "the least innocuous means of collecting debts from delinquent debtors," it rendered this observation in the context of the plaintiff's § 1692d harassment claim, a portion of the Act which prohibits conduct seeking to "harass, oppress, or abuse" debtors. The no-contact provisions of §§ 1692b(6) and 1692c(a)(2) do not contain an explicit harassment requirement. There is at least some authority directly contrary to defendant's argument. *See Stagikas v. Saxo Mrtg. Serv.*, 795 F.Supp.2d 129, 138 (D. Mass. 2011) ("nothing in the statute suggests that a single letter is insufficient to violate § 1692c").